**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Lane Woods,     Plaintiff

v.

Tompkins County and Stafkings
Healthcare Systems, Inc

Civil Case No. 5:16-CV-7 LEK/TWD

U.S. DISTRICT COURT N.D. OF N.Y.
FILED
JAN - 4
AT____O'CLOCK
Lawrence K. B_____

**Complaint Pursuant**
**To The Americans**
**With Disabilities Act**

---

Plaintiff demands a Trial by Court.

---

Plaintiff in the above-captioned action alleges as follows:

### JURISDICTION

1. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate same. This court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1343(4).

### PARTIES

2. a. Plaintiff: Lane Woods
   Address: 1110 Parkside Dr.#108
   Trumansburg, NY 14886

3. a. Defendant: Tompkins County
   Address: County Administration
   125 East Court St., Old Jail Building
   3rd floor
   Ithaca NY 14850

   b. Defendant: Stafkings Healthcare Systems, Inc.
      224 South Fulton St.
      Ithaca NY 14850

4. I am a 68 year old woman and my disabilities are as follows:

   a. Wheelchair bound due to severe arthritic malformation of the knees, bilaterally.

   b. Two artificial shoulder joints, the right one permanently dislocated.

   c. Nine herniated discs of the spine.

   d. Degenerative disc disease, multiple tumors of the spine and a congenital defect of the lumbar sacral region.

   e. Severe sleep apnea requiring oxygen supplementation.

   f. Complex Post Traumatic Stress Disorder, and Obsessive Compulsive Disorder

   g. Other conditions: severe venous insufficiency of the lower legs, history of stroke, diabetes, paroxysmal atrial fibrillation of the heart.

5. The conduct complained of in this action involves:

   (C) Denial (de facto) of participation in public service or program.

   (E) Retaliation.

   (G) Other acts as specified below.

The County is a covered entity under Title II of the Act, and in the limited area of Personal Care Aide provision, Stafkings acts for the county. Under *Olmstead vs. LC*, the Supreme Court ruled it is discriminatory to fail to provide the community supports needed to maintain a disabled person in their least restrictive setting. By refusing to provide a Personal Care Aide to an otherwise eligible recipient, they have caused me physical and mental harm and put me at risk of institutional placement and committed discrimination under the meaning of the Act.

## FACTS

6. The County has a contractual agreement, as prescribed under NY Social Services law, with Stafkings, to provide Personal Care Aides to disabled and elderly residents who qualify.

The County and its agent, Stafkings, have failed to provide Personal Care Aide services since October 2, 2015.

7. For the previous 17 months from May 6, 2014, they provided up to 40 hours of aide service to me weekly.

8. On or about August 15, 2015, I sent an email to a senior Stafkings administrator, Melissa Wheeler, complaining that my then aide, Stephanie Westfall, had not been paid a mileage check for almost a year. During that time she was a very satisfactory aide, who was leaving my case to attend nursing school.

9. Since that time, Stafkings has engaged in a pattern and practice of retaliation against me, including intimidation, enforcing restrictive policies which they had not previously informed me of or enforced, such as allowing my aide to do only one errand a week, and constantly telling me to get aide service somewhere else, knowing they are the only contractual Medicaid provider in the County.

10. On or about October 2, 2015, I sent an email to Rebecca Bishop, Stafkings aide coordinator ( actual title unknown), telling her my new aide, MP, was not working out and I asked her to start advertising for another aide. Ms. Bishop, without consulting me, divulged the content of my private email to the new aide, MP, causing her to become emotionally upset and quit without notice.

Since that time I have been abandoned by the County in my rural apartment, Stafkings claiming they 'cannot find" me an aide, and both County and agency pressuring me to leave the program and go off independently and find my own aide. The only explanation offered by County employees is the "Cornell (University) has hired the available labor pool".

11. I filed a Fair Hearing but due to some minor error in the court's notice to the county , the judge granted the county an adjournment until an unknown time in the future..

12. In the past, (2012), I did not have an aide for 8 weeks, was in constant pain from trying to care for myself, became depressed and made a serious suicide attempt. I was treated on ICU for 5 days. Both the County and its contractor are aware of this history.

13. Since the County and its agent have failed to provide an aide:

    A. I have suffered a second degree burn trying to cook, because of my dislocated shoulder.

    B. I have suffered an increase in pain from cleaning house, laundry and doing shopping by wheelchair transportation.

C. My blood pressure, normally low, was recorded by the Visiting Nurse at 180 over 110, near stroke level,

D. My PTSD symptoms have increased causing increased use of medication, insomnia, and increased anxiety.

E. I have become clinically depressed. My therapist, Karen Burlew, L-CSW, has requested my physician provide medication for depression. The County employee supervising my care, Ed Bergstrom, refused to return Ms. Burlew's call.

F. I am plagued with thoughts of suicide because I am afraid I will be forced into a nursing home.

G. I am suffering from exhaustion.

H. The edema in my lower legs has increased (as noted by the Visiting Nurse) because I am going without the two hours daily of doctor prescribed treatment for my legs, normally administered by the aide.

14. I asked my legislator, James Dennis, to read into the record of the Legislative meeting some remarks about my situation, but he refused, denying me my Constitutional right to "petition" the government. The County meeting is held when there is no transportation for wheelchairs.

15. Mr. Michael Lane, Chair of the Tompkins County legislature, was informed by me of my situation, said "Tompkins would do its best for" me, but no one has contacted me or sent an aide.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff requests that this Court grant the following relief:

A. County should be ordered to provide aide care immediately.
B. County should pay damages for pain and suffering and discrimination in the amount of $500,00.
C. Stafkings should provide and aide immediately, and pay damages for pain and suffering, discrimination and retaliation in the amount of $500,00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 12/23/15     Signed by Plaintiff _Lane Woods_

(It is difficult to visit a Notary by wheelchair transportation)