UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LANE WOODS,

                                                  Plaintiff,

                                                                      5:16-CV-00007

v.

                                                                      (LEK/TWD)

TOMPKINS COUNTY, STAFKINGS HEALTH
CARE SYSTEMS, INC.,

                                                  Defendants.
_____

APPEARANCES:

LANE WOODS
Plaintiff, pro se
1110 Parkside Drive, #108
Trumansburg, New York 14886

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT AND RECOMMENDATION

       The Clerk has sent to the Court for review the pro se complaint of Plaintiff Lane Woods in this action for the alleged violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*. (Dkt. No. 1.) Plaintiff has brought the action against Defendants Tompkins County and Stafkings Health Care Systems, Inc. ("Stafkings") Also before the Court is Plaintiff's amended application for leave to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 4.)

**I.      IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's amended IFP application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's amended IFP application (Dkt. No. 4) is granted.

**II.     LEGAL STANDARDS FOR INITIAL REVIEW**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua*

*sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. PLAINTIFF'S COMPLAINT

Plaintiff is a sixty-eight year old woman who allegedly suffers from numerous disabling conditions, both physical and mental. (Dkt. No. 1 at ¶ 4.) According to the complaint, Defendant Tompkins County has a contractual agreement with Defendant Stafkings to provide personal care aides to disabled and elderly County residents. *Id*. at ¶ 6. Under that agreement, Plaintiff was the recipient of up to forty hours a week of aide service by Stafkings for seventeen months beginning May 6, 2014. *Id*. at ¶ 7.

On or about August 15, 2015, Plaintiff sent an email to a Stafkings administrator complaining that her aide had not been paid a mileage check for nearly a year. *Id*. at ¶ 8. The aide was leaving Plaintiff's case at that time to attend nursing school. *Id*. Following Plaintiff's complaint, Stafkings began engaging in a pattern and practice of retaliation against Plaintiff, including intimidation, enforcement of restrictive policies, and constantly telling Plaintiff to obtain aide service from another provider, knowing that Stafkings was the only Medicaid provider in the County. *Id*. at ¶ 9. On or about October 2, 2015, Plaintiff sent an email to a Stafkings aide coordinator informing her that Plaintiff's new aide was not working out and asking her to begin advertising for a new aide. *Id*. at ¶ 10. The coordinator revealed the email to the aide, who became upset and quit without notice. *Id*.

Since the time the aide quit, Plaintiff has been abandoned by the County in her rural apartment. *Id*. at ¶ 10. Stafkings claims that it is unable to find a new aide for Plaintiff, and both the County and Stafkings are pressuring Plaintiff to go off independently and find her own aide. *Id*. The County has not provided a new aide. *Id*. at ¶ 13. During the time Plaintiff has been left without an aide, she has burned herself while cooking, suffered an increase from pain from

4

having to do household chores, had an increase in her blood pressure and increased edema in her lower legs, is suffering from exhaustion, has experienced depression and an increase in her post traumatic stress disorder, and is plagued with thoughts of suicide because she fears being forced into a nursing home. *Id*. at ¶ 13.

**IV.     ANALYSIS**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity."[1]  42 U.S.C. § 12132.  In order to state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta P. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)) (alterations omitted).  With respect to the third element, a plaintiff must allege that his or her mistreatment "was motivated by either a discriminatory animus or ill will due to disability." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 1998).

---

[1] "Services, programs, or activities," not explicitly defined in the ADA have been construed by the Second Circuit as "a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context . . . ." *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 43 (2d Cir. 1997), *superseded on other grounds as recognized by Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 171 n.7 (2d Cir. 2001).

A claim brought under Title II of the ADA may lie only against a "public entity."[2] 42 U.S.C. § 12132. The Second Circuit has held that the term "public entity" is used in the statute to exclude "a private [entity] performing services pursuant to a contract with a municipality even if it does so according to the municipality's rules and under its direction . . . ." *Green v. City of New York*, 465 F.3d 65, 79 (2d Cir. 2006).

The Court concludes that Plaintiff has stated a claim against Tompkins County for violation of Title II of the ADA sufficient to survive initial review and recommends that the District Court find the complaint sufficient and direct service of the summons and complaint, along with a General Order #25 packet on the County, and further direct that the County formally respond to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure subsequent to service of process.

Because it appears from the complaint that Stafkings is a private entity, and under *Green*, its alleged contract with the County to provide aides does not make it a "public entity" for purposes of Title II of the ADA, the Court concludes that Plaintiff's complaint does not state a cause of action under Title II of the ADA against Stafkings and recommends dismissal of that claim by the District Court without leave to amend.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's amended IFP application (Dkt. No. 4) is **GRANTED**; and it is

**RECOMMENDED** that case be dismissed against Stafkings Healthcare Systems, Inc. on

---

[2] 42 U.S.C. § 12131(1) defines "public entity" as "any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ."

the grounds that the complaint fails to state a claim against that Defendant under Title II of the ADA, and that the dismissal be without leave to amend as to that claim; and it is further

**RECOMMENDED** that the District Court find that Plaintiff has stated a claim against Tompkins County for violation of Title II of the ADA sufficient to survive initial review, and that it direct service of the summons and complaint, along with a General Order #25 packet, on the Defendant County and further direct that the County formally respond to Plaintiff's complaint be filed by the County as provided for in the Federal Rules of Civil Procedure subsequent to service of process.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 7, 2016
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge