UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LANE WOODS,

                          Plaintiff,

      -against-                                  5:16-cv-0007 (LEK/TWD)

TOMPKINS COUNTY, *et al.*,

                          Defendant.

## **DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on January 7, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation"). Also presently before the Court is *pro se* Plaintiff Lane Woods's ("Plaintiff") Motion to amend her Complaint. Dkt. Nos. 9 ("Motion"); 9-3 ("Amended Complaint"). For the following reasons, the Report-Recommendation is adopted in full and Plaintiff's Motion is granted.

**II.    REPORT-RECOMMENDATION**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole,

No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. See Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none. Therefore, the Report-Recommendation is adopted in its entirety.

### III. MOTION TO AMEND

Plaintiff has requested to amend her Complaint for two reasons: 1) to remove the portions of her Complaint that allege actions against Stafkings Health Care Systems ("Stafkings") pursuant to the Report-Recommendation, and 2) to correct a typographical error in the amount of damages sought. Dkt. No. 9-1 ("Affirmation") ¶ 2.

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1) states that a party "may amend its pleading once as a matter of course" within 21 days after service. FED. R. CIV. P. 15. Plaintiff has not yet effectuated service of her Complaint. See Docket. Therefore, Plaintiff is able to amend her Complaint as a matter of right. See O'Dell v. Bill, No. 13-CV-1275, 2015 WL 710544, at *44 (N.D.N.Y. Feb. 18, 2015) (noting that the plaintiff, upon dismissal under 28 U.S.C. § 1915, still had the opportunity to amend his pleading as a matter of course under Rule 15(a)(1)(B)). The Amended Complaint is therefore now considered the operative pleading in this action.

2

## IV. INITIAL REVIEW OF THE AMENDED COMPLAINT

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that [the action] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a result of the Report-Recommendation's initial review of the original Complaint, the Court held that Plaintiff's claim against Defendant Tompkins County ("the County") required a response. That claim is repeated and realleged in the Amended Complaint, with additional facts from after the original Complaint was filed, and thus survives initial review. Am. Compl. ¶¶ 6-16. Plaintiff's claim against Stafkings in the original Complaint is not realleged in the Amended Complaint. See Am. Compl. The only other change in the Amended Complaint is the relief sought, now fixed at $500,000. Since this does not affect the merits of any claims Plaintiff brings, the Court finds that the Amended Complaint survives initial review and requires a response from the County.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Clerk of Court is directed to remove Stafkings as a defendant herein; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 9) to amend the Complaint is **GRANTED**; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with a copy of the

3

Amended Complaint and a packet containing General Order 25, to the United States Marshal for service upon the County; and it is further

**ORDERED**, that a formal response to Plaintiff's Amended Complaint be filed by Defendant or Defendant's counsel as provided in the Federal Rules of Civil Procedure, subsequent to service of process on Defendant; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:　　　February 29, 2016
　　　　　　　Albany, NY

Lawrence E. Kahn
U.S. District Judge